IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Joshua Jeter #314407, | Case No.: 2:19-cv-3343-SAL |
| Plaintiff, |  |
| v. | **OPINION AND ORDER** |
| Frank Musier, S. Marshall, Stanley Terry K. McCurry, Dewayne Campbell, Willie Brisoe, Rodesia Taylor, Officer James, Joshua McCrary, and Joseph Stevens, |  |
| Defendants. |  |

This matter is before the Court for review of the November 18, 2020 Report and Recommendation of United States Magistrate Judge Mary Gordon Baker (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 118]. In the Report, the Magistrate Judge recommends that Defendants' motion for summary judgment be granted. *Id.* Plaintiff filed timely objections to the Report, ECF No. 121, Defendants responded, ECF No. 122, and Plaintiff replied to the response, ECF No. 124. For the reasons outlined herein, the Court declines to adopt the Report.

## BACKGROUND

Plaintiff is an inmate within the South Carolina Department of Corrections ("SCDC"). On the day of the events giving rise to this action, he was housed at McCormick Correctional Institute in McCormick, South Carolina. *See* [ECF No. 109-2]. On July 29, 2016, two separate assaults took place in the common area of Plaintiff's dormitory. [ECF Nos. 109-3, 109-5]. The first assault, which did not involve Plaintiff, occurred at approximately 3:40 p.m. [ECF No. 109-3]. The second

1

assault, when Plaintiff was attacked and stabbed by another inmate, occurred between 3:45 p.m. and 4:10 p.m. [ECF Nos. 109-5, 112 p.3].

Plaintiff alleges that he was in the cafeteria when the first assault occurred in the dorm. [ECF No. 50 p.8]. In response to this first assault, an inmate on inmate stabbing, SCDC staff "shut down the yard." [ECF No. 116 p.9] (Plaintiff's deposition). He alleges that he remained in the cafeteria for approximately twenty minutes while first responders and SCDC staff responded to the assault in the dorm. *Id.* at 9. Twenty to thirty minutes later, SCDC staff told the inmates in the cafeteria, including Plaintiff, that they could move to the dorm. *Id.* Plaintiff estimates that this group of inmates numbered approximately ten. *Id.* at 12.

SCDC staff instructed the inmates to move to the dorm together in an orderly fashion. *Id.* at 9. Plaintiff estimates that three correctional officers supervised their walk to the dorm. *Id.* at 14. Plaintiff entered his wing of the dorm, took "a couple of steps," then someone came from Plaintiff's "blind side" and stabbed him three times. *Id.* Plaintiff did not see his attacker approaching and did not realize he was in any danger until he was stabbed. *Id.*

Plaintiff testified that, at the time of his attack, there were six officers within approximately 24 feet of him. *Id.* at 24-25. Major Staley Terry testified in his affidavit that he was standing approximately ten feet away from Plaintiff when he was stabbed, and that Lt. Rice was within an additional ten feet away. [ECF No. 109-7]. During his deposition, Plaintiff prepared a drawing of the scene, showing the six correctional officers near the attack. [ECF No. 109-8]. After he was stabbed, Plaintiff fled his assailant and was apprehended by Lt. Campbell. [ECF No. 116 p.19]. Lt. Campbell recovered and confiscated a shank that Plaintiff had on his person. *Id.*

It is undisputed that SCDC employees were responding to and reacting to the first assault when Plaintiff was stabbed. *See* [ECF No. 116 p.9]. SCDC employees were in the process of securing

the dorm and locking inmates in their cells when Plaintiff was stabbed. *Id.* at 16. However, Plaintiff alleges that Defendants' efforts to secure the dorm were insufficient. *Id.* at 35. He alleges that the detention officers on the scene were "sitting down relaxing" and "weren't ready or prepared for another incident." *Id.* Plaintiff claims that, if Defendants put forth more effort in securing the area, he would not have been stabbed. *Id.*

Plaintiff brings claims under 42 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by failing to protect him and prevent the stabbing. [ECF No. 50 p.4]. Plaintiff also asserts that Defendants violated his Fourteenth Amendment rights. *Id.* The Magistrate Judge found, and this Court agrees, that Plaintiff only adequately states an Eighth Amendment claim. [ECF No. 118 p. 2 n.1]. Because Plaintiff was a state prisoner during the stabbing and not a pre-trial detainee, his allegations of deliberate indifference and failure to protect implicate the Eighth Amendment's proscription against cruel and unusual punishment, rather than the Fourteenth Amendment's requirement of due process. *Bowman v. Ozmint*, No. 0:08-2517-PMD-PJG, 2009 WL 3065180, at *12 (D.S.C. Sept. 22, 2009), *aff'd,* 369 F. App'x 416 (4th Cir. 2010). Further, the Magistrate Judge properly found that Plaintiff does not provide any evidence to support a supervisory liability claim. [ECF No. 118 p.2 n.1].

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d

1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

4

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party makes this threshold demonstration, the non-moving party may not rest upon mere allegations or denials averred in the pleading, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56; *see also Celotex Corp.*, 477 U.S. at 323. A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A litigant is unable to "create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1996).

## DISCUSSION

Plaintiff's specific objections are as follows:

1. The Magistrate Judge erred in the factual recitation;

2. Plaintiff was not afforded the opportunity to challenge removal;

3. The Magistrate Judge erred in concluding that Defendants responded reasonably to any risk;[1] and

4. The Magistrate Judge erred in concluding that there was no genuine dispute of material fact regarding Defendants' personal participation.

[ECF No. 121].  The Court will review these portions of the Report *de novo*.

## I.     The Magistrate Judge erred in the factual recitation.

The Report states, "[t]hen, suddenly, an inmate hiding in a kitchen attached to the cafeteria stabbed Plaintiff 'out of the blue.'"  [ECF No. 118 p.2].  Plaintiff contends, ECF No. 121, and contended in his amended complaint, ECF No. 50, that he was stabbed in his dormitory by an assailant hiding in a "dayroom."  Defendants' motion for summary judgment does not dispute that this was Plaintiff's testimony.  *See* [ECF No. 109-1 p.2].

At the summary judgment stage, "the court must construe all inferences and ambiguities in favor of the nonmoving party."  *HealthSouth Rehab. Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).  Accordingly, Plaintiff's first objection is sustained.  The Court declines to adopt the factual recitation in the Report.  For summary judgment purposes, this Court finds Plaintiff was inside the dormitory and stabbed by an assailant he believed to be hiding in a "dayroom."

## II.     Plaintiff was afforded the opportunity to challenge removal.

Plaintiff contends that he was unable to challenge removal of this action.  [ECF No. 121 p.3].  The notice of removal was filed on November 27, 2019.  [ECF No. 1].  Defendants certified that the notice of removal was served upon Plaintiff by certified mail, return receipt requested, on December 3, 2019.  [ECF No. 6].  On December 4, 2019, the Magistrate Judge entered an order

---

[1] Plaintiff styles this objection as two separate objections to different parts of the Report.  *See* [ECF No. 118].  However, the argument is the same.  *Id.*  This Court will therefore address it as one objection.

informing Plaintiff that his action had been removed to federal court. [ECF No. 7]. Plaintiff responded to that order on January 29, 2020, acknowledging that he was aware of the removal. [ECF No. 23].

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C.A. § 1447(c). A party may assert the defense of lack of subject-matter jurisdiction by motion at any time. Fed. R. Civ. P. 12(b)(1), (h)(3).

Here, Plaintiff had notice that this action was removed. He had 30 days after the filing of the notice of removal to move to remand this action on any basis other than lack of subject matter jurisdiction. Plaintiff could have, and still may, assert lack of subject matter jurisdiction at any time. However, the Court notes that it does have subject matter jurisdiction over this action because Plaintiff brings his claim pursuant to 42 U.S.C. § 1983. *See* 28 U.S.C.A. § 1331. Any motion asserting lack of subject matter jurisdiction would be futile.

Plaintiff was provided notice of the removal of this action. He was, and is, entitled to challenge removal in accordance with the Federal Rules of Rules of Civil Procedure and Title 28 of the United States Code. Accordingly, Plaintiff's objection to the Report, alleging an inability to challenge removal, is overruled.

### III.     The Magistrate Judge erred in concluding that Defendants responded reasonably to any risk as a matter of law.

The Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). The Amendment also imposes duties on these officials, who must provide humane conditions of confinement. *Id.* "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. . . ." *Farmer*, 511 U.S. at 832 (citation omitted). Prison officials are

obligated to take reasonable measures to guarantee inmate safety. *Makdessi v. Fields*, 789 F.3d 126, 132 (4th Cir. 2015). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.*

Not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. *Id.* at 133. For a claim based on failure to prevent harm, liability only attaches when two requirements are met: (1) Plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm; and (2) the prison official or officials must have a sufficiently culpable state of mind. *Id.*

As for the first requirement, there is no dispute that Plaintiff suffered serious physical injuries. Accordingly, the first requirement is satisfied. *See id.* (holding that first requirement is met when plaintiff suffers serious physical injuries). Only the second requirement is disputed in this motion.

As for the second requirement, prison officials possess the requisite state of mind when they act with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 302-3 (1991). Deliberate indifference is present when an official "knows of and disregards an excessive risk to inmate health or safety." *Id.* Deliberate indifference requires more than mere negligence but less than acts or omissions done for the very purpose of causing harm or with knowledge that harm will result. *Makdessi*, 789 F.3d at 133.

**A. Plaintiff raises a genuine dispute of material fact as to whether Defendants had subjective actual knowledge of the risk to his safety.**

"Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence. . ." *Farmer* 511 U.S. 825, 842. "[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Id.* Direct evidence of actual knowledge is not required. *Id.*

Here, the evidence raises a genuine dispute of material fact as to whether Defendants had actual knowledge of the risk to Plaintiff. It is undisputed that SCDC employees were responding and reacting to the previous stabbing when Plaintiff was stabbed. [ECF No. 109-1 p.7]. This response consisted of securing the area and locking inmates in their cells. *Id.* Defendants do not dispute that, at the time of Plaintiff's assault, the scene was active and chaotic. *Id.* at 3. The evidence shows SCDC officials were aware the first stabbing created a situation that posed a risk to the inmates. In response, SCDC saturated the dorm with officers. [ECF No. 109-1 p.7]. This evidence is sufficient to raise a genuine dispute of material fact as to whether SCDC officials were actually aware of a risk to the safety of inmates in the dorm and were in the process of responding to that risk.

Defendants contend, and the Magistrate Judge found, that the risk of Plaintiff's stabbing was not obvious. In reaching that conclusion, the Magistrate Judge relied on the undisputed fact that Plaintiff's assailant was hidden from view and surprised him with the attack. *See* [ECF No. 118 p.6]. This conclusion frames the nature of the risk too narrowly. It is not relevant to liability that officials "could not guess beforehand precisely who would attack whom." *Farmer*, 511 U.S. at 844. In other words, the prison officials did not necessarily need to be aware that Plaintiff was in danger of being attacked by the assailant hiding in the dayroom. They only needed to be aware of a substantial risk to the inmate. *Id.* at 843.

SCDC officials knew of the first stabbing. The officials responded to the first stabbing by taking measures to secure the dorm and lock inmates in their cells. The situation created by the first stabbing posed an obvious risk to the safety of other inmates. In fact, in their motion for summary judgment, Defendants describe the scene as an "ongoing dangerous situation." [ECF No. 109 p.7]. The evidence shows SCDC officials knew of the risk because they were taking

measures to respond to the risk. This evidence is sufficient to create a genuine dispute of material fact as to whether Defendants actually knew of a substantial risk to inmate safety.

**B. Plaintiff raises a genuine dispute of material fact as to whether Defendants responded reasonably to the risk.**

Prison officials who actually knew of a substantial risk to inmate health or safety may nevertheless be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. *Marin v. Williams*, No. 2:19-CV-01270-DCC, 2020 WL 6281535, at *3 (D.S.C. Oct. 27, 2020). Furthermore, an officer who responds reasonably to a danger facing an inmate is not liable under a deliberate indifference standard, even if the officer could have taken additional precautions but did not." *Id.* (citing *Short v. Smoot*, 436 F.3d 422, 428 (4th Cir. 2006)).

In *Nelson v. Henthorn*, the Fourth Circuit Court of Appeals found that a prison official's response to a risk was reasonable where the official acted immediately to investigate threats made by an inmate against his roommate, then placed the threatened inmate in a different cell. 677 F. App'x 823, 826 (4th Cir. 2017). Despite the official's decision to place the inmate in a different cell, the inmate was cornered and assaulted in the prison yard. *Id.* at 824-25. The plaintiff conceded that the prison official acted reasonably in moving him to a different cell but contended that the Eighth Amended required more of the official. *Id.* at 826. The court disagreed, finding that the prison official's reasonable response to a known risk prohibited liability under the Eighth Amendment. *Id.* Because the defendant reasonably believed moving the plaintiff to a different cell sufficiently alleviated the risk, it was not important that he could have conceivably discerned that the inmate might be assaulted in another area of the prison. *Id.* at 826-27.

Here, there is no dispute that SCDC officials were in the process of responding to the risk to inmate safety posed by the first stabbing. However, unlike the plaintiff in *Nelson*, the Plaintiff in this case contends that Defendants' response was *not* reasonable. It is undisputed that multiple

corrections officers were in close proximity to Plaintiff when the stabbing occurred. Plaintiff testified that these detention officers were "sitting down relaxing" and "weren't ready or prepared for another incident." [ECF No. 116 p.9]. Unlike the evidence in *Nelson*, the evidence here does not show that Defendants' actions were reasonable as a matter of law, even if more could have conceivably been done to protect Plaintiff. Instead, the evidence shows a genuine dispute of material fact as to whether Defendants' efforts to secure the dormitory were reasonable.

According to Plaintiff, SCDC officials told him it was safe to return to the dorm from the cafeteria before he was stabbed. A factfinder could determine that reasonable prison officials would have the emergency situation in the dorm under control before giving such an instruction. Further, it is undisputed that several officers were nearby Plaintiff when he was assaulted. A reasonable factfinder could determine that officers within feet of Plaintiff reasonably responding to the situation would have identified and stopped his assailant. Defendants, through their evidence, contend that, while harm to the Plaintiff was not averted, their response to the ongoing dangerous situation was appropriate and reasonable. [ECF No. 109 p.7]. Plaintiff, through his evidence, contends the response was not reasonable. This raises a genuine dispute of material fact for trial.

## IV.    Defendants' personal participation.

In section 1983 cases, defendants sued in their individual capacities are liable for a plaintiff's injuries only if they had some personal involvement in the action that caused a plaintiff's injuries. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Liability is personal, based upon each defendant's own constitutional violations. *Id.* Defendants Taylor, Stevens, Marshall, and Briscoe argue it is undisputed that they had no personal involvement in the events giving rise to Plaintiff's injuries, and they should be dismissed. [ECF No. 109 p.8].

Plaintiff testified in his deposition that Defendants Taylor, Stevens, and Briscoe were present at the scene of his stabbing. *See* [ECF No. 116 pp.26,30,32]. Plaintiff submitted an affidavit stating that Taylor, Stevens, Briscoe, and Marshall were sitting on the benches when he was stabbed. [ECF No. 112-1 p.2]. He submitted what purports to be the sworn declaration of Joseph P. Hudgins stating that Taylor, Stevens, Briscoe, and Marshall were present when Plaintiff was stabbed. [ECF No. 112-1 p.7]. He also submitted what purports to be the sworn declaration of Wesley A. Shafer stating that Taylor, Stevens, Briscoe, and Marshall were present when Plaintiff was stabbed. [ECF No. 112-1 p.9].

Defendants provide the affidavit of Kathleen Epting to show that Defendants Marshall, Taylor, and Stevens were not on duty and did not enter McCormick Correctional Institute on the day of the incident. *See* [ECF No. 109-10]. Epting states that SCDC's "scan in/scan out" records show SCDC who entered its prisons on any given day. *Id.* According to the affidavit, these records show that Defendants Marshall, Taylor, and Stevens were not present or working at McCormick Correctional Institution on the day of Plaintiff's stabbing. *Id.* Defendants also provide the affidavits of Taylor and Briscoe. [ECF Nos. 109-11, 109-12]. Both Taylor and Briscoe state in their affidavits that they were not present during Plaintiff's assault. *Id.*

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. American Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). Here, Plaintiff and Defendants dispute whether these Defendants were present during his stabbing. In asserting that this fact is genuinely disputed, Plaintiff supports his assertion by citing to particular parts of materials in the record, including depositions, affidavits, and declarations. Plaintiff's evidence is sufficient to create a genuine

dispute of material fact regarding whether Defendants Taylor, Stevens, Briscoe, and Marshall were present when Plaintiff was stabbed.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court declines to adopt the Report.  For the reasons discussed above, Defendants' motion for summary judgment, ECF No. 109, is DENIED.


**IT IS SO ORDERED.**

/s/Sherri A. Lydon

May 24, 2021                                                     Sherri A. Lydon
Florence, South Carolina                                United States District Judge